**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

LINDA D. SHANKS,

    Plaintiff,

v.

THE PROGRESSIVE CORP., an Ohio corporation; and
UBER TECHNOLOGIES, INC., a Delaware corporation,

    Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff Linda Shanks, through her attorneys, MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP, and for her Complaint against Defendants[1], states and alleges as follows:

## I. PARTIES

1. Plaintiff Linda Shanks ("Shanks" or "Plaintiff") is a resident of Arapahoe County, Colorado.

2. Defendant The Progressive Corporation ("Progressive") is an insurance company and Ohio corporation that issues insurance policies in Colorado and Arizona, with a principal place of business located at 6300 Wilson Mills Road, Mayfield Village, Ohio, 44143.

3. Rasier, LLC ("Rasier") is a Delaware limited liability company with a principal place of business located at 1455 Market Street, San Francisco, California, 94103.

4. Upon information and belief, Rasier is a wholly owned subsidiary of Defendant Uber Technologies, Inc. ("Uber").

---

[1] The Progressive Corp. and Uber Technologies, LLC are collectively referred to herein as "Defendants."

1

5. Defendant Uber is a Delaware corporation with a principal place of business located at 1455 Market Street, San Francisco, California, 94103.

6. On March 1, 2019, Defendant Uber engaged in the business of transportation services in all counties throughout Colorado and Arizona.

7. On March 1, 2019, Defendant Progressive provided automobile insurance coverage to drivers of Defendant Uber, through Rasier, in Arizona.

## II.     JURISDICTION AND VENUE

8. The Court has jurisdiction over this matter under 28 U.S.C. § 1332. There is complete diversity of citizenship in this action between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

9. Plaintiff is a citizen of the state of Colorado; Defendant Progressive is an Ohio corporation, with its principal place of business in Mayfield, Ohio; Defendant Uber is a Delaware corporation, with its principal place of business in San Francisco, California.

10. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, as Plaintiff has suffered economic damages in excess of $125,000.00, together with non-economic damages.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

## III.     GENERAL ALLEGATIONS

12. On March 1, 2019, at approximately 5:30 a.m., Plaintiff was utilizing the transportation services of an Uber driver and was traveling on State Highway 51 in Phoenix, Arizona.

13. On March 1, 2019, at approximately 5:30 a.m., traffic in State Highway 51 quickly halted.

14. Immediately after Plaintiff's Uber driver came to a sudden stop, a white Ford pickup truck rear-ended the vehicle in which Plaintiff was riding (the "Accident").

15. The Accident threw Plaintiff forward, causing Plaintiff the following injuries: lower back pain, pain in her sacroiliac joints, whiplash, pain in her hand, and neck pain.

16. Plaintiff's Uber driver and the Ford driver pulled to the side of the highway to exchange information following the Accident.

17. Before exchanging any information and before Plaintiff or her Uber driver could identify the Ford's license plate number, the driver of the Ford fled the scene and escaped into traffic.

18. As Plaintiff flew home to Colorado, the pain she felt as a result of the Accident increased significantly, and when she got home to Colorado that evening, Plaintiff went to a local emergency room to treat her pain stemming from the Accident.

19. Thereafter, Plaintiff received various treatments for the pain she suffered from the Accident, including: three sacroiliac joint injections, physical therapy, acupuncture, chiropractic, massage and traction for both her neck and back, prescription narcotics, lidocaine creams, and patches by doctors to manage pain.

20. Plaintiff incurred approximately $7,300.00 in out-of-pocket medical expenses for the treatments obtained resulting from the Accident at that time.

21. Plaintiff incurred approximately $12,000.00 in lost wages as a result of missing work on several occasions to treat the injuries caused by the Accident.

22. Plaintiff is still receiving treatment for her neck injury caused by the Accident.

23. On November 8, 2019, Plaintiff received an MRI for her neck injury, which revealed nerve damage impacting both sides of her neck.

24. The pain from Plaintiff's neck injury has spread from the left side of her neck down her left shoulder and ending at the midpoint of her left arm.

25. Plaintiff has seen a neurologist regarding her neck pain.

26. Plaintiff's neurologist prescribed continued acupuncture and neck injections to relieve Plaintiff's pain.

27. Plaintiff was advised that the only further treatment for her continuing neck and nerve pain is to undergo surgery which is estimated to cost at least $106,000.00.

28. Plaintiff suffers from anxiety and depression as a result of the injuries and pain caused by the Accident.

29. Plaintiff's nerve pain in her neck impacts her in her everyday life and is present every day.

30. Plaintiff's neck pain impacts her personal time and her working life, interrupting her concentration and her work efficiency.

31. On March 1, 2019, Plaintiff filed a claim with Defendant Progressive.

32. Under the terms of the insurance policy, Defendant Progressive must cover Plaintiff's reasonable out-of-pocket medical bills, lost wages, and other expenses of third-parties involved in the Accident.

33. As an Uber passenger at the time of the Accident, Plaintiff is a third-party beneficiary of the Progressive Insurance policy.

34. Damages sustained by insureds and third-party beneficiaries resulting from hit-and-run accidents fall under Defendant Progressive's uninsured/underinsured motorist bodily injury coverage provided to Plaintiff.

35. Defendant Progressive is liable for economic and non-economic damages incurred by Plaintiff as a result of the Accident under Defendant Progressive's uninsured/underinsured motorist bodily injury coverage.

36. Defendant Progressive has failed to fulfill its contractual obligations to Plaintiff under the policy.

### III.  CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

37. Plaintiff incorporates all of the foregoing paragraphs.

38. Defendant Progressive entered into an agreement for Defendant Progressive to provide automobile insurance coverage for Defendant Uber's drivers and any passengers utilizing an Uber driver's services.

39. Rasier purchased from Defendant Progressive an uninsured/underinsured motorist bodily injury policy covering the Uber driver and any third parties in the vehicle.

40. Defendant Uber's website states that Uber provides their drivers up to "$1,000,000.00 [of] third-party liability" along with "Uninsured/underinsured motorist bodily injury" of insurance coverage.

41. Plaintiff hired an Uber driver to take her to the airport on March 1, 2019, in Maricopa County, Arizona, where she and the Uber driver were involved in a hit and run accident with another driver.

42. Plaintiff hired the Uber driver and entered the car with the understanding that there would be insurance coverage if she was involved in an accident while she was in the Uber.

43. Plaintiff was conferred a contractual benefit, being a member of a distinct class in which the insurance contract between Defendant Progressive and Rasier/Uber specifically contemplated.

44. Plaintiff is a third-party beneficiary of the contract between Rasier, on behalf of Defendant Uber, and Defendant Progressive.

45. Defendant Progressive is liable for Plaintiff's damages under its uninsured motorist insurance contract.

46. Defendant has breached its contract by denying payment of Plaintiff's personal injury claims including past and future medical bills, lost wages, and miscellaneous other expenses, including pain and suffering and other non-economic losses resulting from the Accident, totaling more than $125,000.00.

## SECOND CLAIM FOR RELIEF
### (Negligence)

47. Plaintiff incorporates all of the foregoing paragraphs.

48. Defendant Uber's driver, whose name and identity is unknown, was at the time of the Accident an employee or agent of Uber through the driver's course and scope of employment or agency of driving for Uber.

49. Defendant Uber's agent had a duty to exercise reasonable care in operating his motor vehicle while he was working as a driver for Uber and transporting a customer of Uber.

50. Defendant Uber is vicariously liable for the negligence of its driver and the injuries sustained by Plaintiff

51. The Accident was the proximate result of negligence of Defendant Uber's driver by: failing to maintain a proper lookout when transporting Plaintiff, failing to keep the vehicle

transporting Plaintiff under reasonable control; and failing to prevent the vehicle transporting Plaintiff from stopping in such a way that caused the vehicle following the car to strike the car.

52.   As a direct and proximate cause of such negligence, Plaintiff has incurred damages.

**PLAINTIFF REQUESTS TRIAL BY JURY**

WHEREFORE, Plaintiff Linda Shanks requests that judgment be entered in her favor and against Defendants Progressive and Uber, for all available relief, including, but not limited to, economic damages, non-economic damages, and damages for physical impairment and/or disfigurement, as well as interest, costs, attorney's fees, and any other relief deemed proper.

Respectfully submitted this 26th day of February 2021.

/s/ William K. Rounsborg
William K. Rounsborg
Joseph B. Apisdorf
MCELROY, DEUTSCH, MULVANEY & CARPENTER LLP
5600 South Quebec St., Suite C100
Greenwood Village, Colorado 80111
Telephone: (303) 293-8800
Fax:  (303) 839-0036
E-mail: WRounsborg@mdmc-law.com
            JApisdorf@mdmc-law.com
*Attorneys for Plaintiff Linda D. Shanks*

**Plaintiff's Address**
14172 E. Chenango Place
Aurora, CO 80015